IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ISMAEL MARTINEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv 621 |
| MR. DELONE | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING
### THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Ismael Martinez, an inmate at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se* and *in forma pauperis*, brought the above-styled lawsuit against Mr. DeLone, the Medical Unit Senior Practice Manager at the Stiles Unit.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends plaintiff's complaint should be dismissed without prejudice for failing to state a claim based on plaintiff's failure to exhaust administrative remedies. Additionally, the Magistrate Judge recommends that the exercise of supplemental jurisdiction should be declined.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After conducting a *de novo* review, the court concludes plaintiff's objections are without merit.

In his hand-written complaint, plaintiff asserts that he suffered a serious injury while confined at the Stiles Unit. Plaintiff claims he suffered a broken leg which required surgery and medication. Plaintiff asserts constitutional violations under the First, Sixth, Eighth and Fourteenth Amendments, as well as claims under the Americans with Disabilities Act and the Rehabilitation Act.

In his complaint, plaintiff states he filed a Step I grievance during September, 2019, but that it was "not required" because his complaint is being "pursued under ADA-Tort Claim [without] reference to 1983." Plaintiff also states he received a notice of extension for forty-five days from the Unit Grievance Investigator on December 3, 2019. Plaintiff's complaint is dated December 5, 2019, and it was filed with the court on December 11, 2019.

Plaintiff's belief that exhaustion of administrative remedies is not required is incorrect. Exhaustion of administrative remedies prior to filing suit is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Id.*, at 532. A prisoner must exhaust administrative remedies regardless of the type of relief he seeks and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Further, the Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382, 2387, 165 L.Ed.2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines

and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.,* at 90-91.

Here, plaintiff objects to dismissal of his claims "at this early stage of screening." Additionally, plaintiff objects that dismissal of his complaint for failure to state a claim based upon his failure to exhaust administrative remedies is not proper.

Plaintiff's complaint itself makes clear he failed to exhaust available administrative remedies prior to filing this action. Plaintiff did not wait on a response to his Step I grievance after he was notified of a forty-five day extension, nor did plaintiff file a Step 2 grievance before filing his complaint. The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending, and district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because plaintiff did not exhaust his available administrative remedies prior to filing this action, his complaint may be dismissed for failure to state a claim upon which relief may be granted prior to service of the defendants. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). Accordingly, for the reasons set forth in the Reports of the Magistrate Judge and in this Order, plaintiff's complaint should be dismissed without prejudice.

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the reports of the Magistrate Judge are **ADOPTED**.

The exercise of supplemental jurisdiction is **DECLINED** pursuant to 28 U.S.C. § 1367(c). A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the 18 day of **February, 2020.**

_____
Thad Heartfield
United States District Judge